UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT FIEDLER and MURIEL FIEDLER,**

**Plaintiff,**

v.                                                    **Case No. 6:25-cv-332-CEM-RMN**

**MTGLQ INVESTORS L.P., US BANK TRUST N.A., WILLA OAKS HOMEOWNERS ASSOCIATION, GENNIFER BRIDGES, PETER LANNING, and ANN WILSON,**

**Defendants.**

_____/

**ORDER**

THIS CAUSE is before the Court on Defendants' Motions to Dismiss (Doc.

Nos. 18, 31 & 40) to which Plaintiffs filed Responses (Doc. Nos. 26, 34 & 42). The

United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc.

52), recommending that the Motions be granted in part and denied in part. Plaintiffs

and Defendants[1] filed Objections (Doc. Nos. 53 & 54). This cause is also before the

---

[1] Defendants' Objection exceeds Local Rule 3.01(b)'s ten-page limit. Even so, because the Objection was filed by three Defendants collectively when each could have filed their own and it only exceeds the limit by four pages, the Court will accept the Objection as properly filed.

Court on Defendants' Motion for *Martin-Trigona* Injunction (Doc. 19), to which Plaintiffs filed a Response (Doc. 30).

## I.    BACKGROUND

This case arises from a foreclosure action ("the Foreclosure Action") brought against Plaintiffs (Robert Fiedler and Muriel Fiedler) in state court. (Compl., Doc. 1, at 4). It is the latest in a long line of cases that Plaintiffs, proceeding pro se, have brought seeking to collaterally attack the Foreclosure Action and the resulting judgment of foreclosure. In state court, Plaintiffs filed numerous appeals and cases attempting to overturn the judgment.[2] *See US Bank N.A. v. Fiedler*, Case No. 2015-CA-000412 (Fla. 18th Cir. Ct.); *Fiedler v. Wells Fargo Bank N.A.*, Case No. 2022-CA-01580 (Fla. 18th Cir. Ct.). Plaintiffs' filings resulted in the circuit court and the district court of appeals enjoining Plaintiffs from submitting any additional pro se filings concerning the Foreclosure Action. *US Bank N.A. v. Fiedler*, Case No. 2015-CA-000412, Doc. 478 (Fla. 18th Cir. Ct.); *Fiedler v. US Bank Tr. N.A., et al.*, Case No. 5D2025-2961 (Fla. 5th DCA).

Plaintiffs have also filed several bankruptcy actions and adversary proceedings related to the Foreclosure Action in the Middle District of Florida. *See*

---

[2] "It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal quotations omitted).

*In re Robert Edward Fiedler*, 6:15-bk-01640-ABB; *In re Robert Edward Fiedler*, 6:17-bk-3402-LVV; *In re Muriel Genene Fiedler*, 6:18-bk-4303-KSJ; *In re Robert Edward Fiedler*, 6:22-bk-3767-LVV; *Fiedler et al. v. Wells Fargo Bank N.A. et al. (In re Fiedler)*, 6:22-ap-00090-LVV; *In re Robert Edward Fiedler and Muriel Genene Fiedler*, 6:24-bk-3321-LVV; *Fiedler et al. v. US Bank Tr. N.A. et al. (In re Fiedler)*, 6:24-ap-109-LVV. In two of these actions, the Bankruptcy Court dismissed the cases with prejudice and enjoined Plaintiffs from filing for bankruptcy relief for two years. *In re: Muriel Genene Fiedler*, 6:18-bk-4303-KSJ, Dec. 17, 2018 Order, Doc. 26; *In re: Robert Edward Fiedler and Muriel Genene Fiedler*, 6:24-bk-3321-LVV, Nov. 26, 2024 Order, Doc. 122. Plaintiff appealed these decisions to this Court. *See Fiedler v. Weatherford*, 6:19-cv-00617-CEM; *Fiedler et al. v. US Bank Tr. N.A.*, 6:25-cv-112-AGM.

In addition to this case and Plaintiffs' bankruptcy appeals, Plaintiffs have filed several other cases in the Middle District of Florida related to the Foreclosure Action, a summary of these cases is set forth below.

- *Fiedler v. Wells Fargo N.A.*, 6:18-cv-00962-CEM-KRS. Robert Fielder brought claims against Wells Fargo N.A. including breach of contract, violation of an automatic stay due to bankruptcy, and emotional distress. *See generally* 6:18-cv-00962-CEM-KRS, Second Am. Compl., Doc. 9. He requested monetary damages as well as an injunctive relief relating to the

Foreclosure Action. *Id.* at 7. The breach of contract claim was dismissed without leave to amend and the other claims were referred to the bankruptcy court. 6:18-cv-00962-CEM-KRS, Jan. 25, 2019 Order, Doc. 28, at 3–4.

- *Fiedler et al. v. Stacy et al.*, 6:23-cv-01958-CEM-RMN. Robert and Muriel Fiedler brought claims against the presiding judge and several attorneys from the Foreclosure Action. Plaintiffs asserted that their constitutional rights were violated by the Foreclosure Action and requested injunctive relief. 6:23-cv-01958-CEM-RMN, Am. Compl., Doc. 3 at 7–8. The claims for injunctive relief were dismissed and the claims for monetary relief were stayed pursuant to the *Younger* abstention doctrine. 6:23-cv-01958-CEM-RMN, Sept. 30, 2024 Order, Doc. 32 at 10–11. The Court directed Plaintiffs to file reports with the Court regarding the status of the Foreclosure Action; Plaintiffs did not do so. *Id.* at 11; *see generally* 6:23-cv-01958-CEM-RMN.

- *Fiedler et al. v. Rudisill*, 6:23-cv-02083-CEM-RMN. Like in *Fiedler et al. v. Stacy et al.*, 6:23-cv-01958-CEM-RMN, Robert and Muriel Fiedler brought claims against a judge and several attorneys from the Foreclosure Action. *See generally* 6:23-cv-02083-CEM-RMN, Am. Compl., Doc. 13. The Court instructed Plaintiffs on Florida's litigation privilege and the *Rooker-Feldman* doctrine. 6:23-cv-02083-CEM-RMN, Nov. 14, 2023 Report and

Recommendation, Doc. 8, at 8–9, 11–13. Plaintiffs' Complaint was dismissed. 6:23-cv-02083-CEM-RMN, Mar. 6, 2025 Order, Doc. 23, at 6.

- *Fiedler v. Wells Fargo Bank N.A.*, 6:23-cv-02092-CEM-RMN. Robert Fiedler brought claims, including foreclosure fraud and civil conspiracy, against parties involved in the Foreclosure Action. *See generally* 6:23-cv-02092-CEM-RMN, Compl., Doc. 1. The claims for injunctive relief were dismissed and the claims for monetary relief were stayed pursuant to *Younger*. 6:23-cv-2092-CEM-RMN, Feb. 5, 2025 Order, Doc. 24 at 7. The Court directed Robert Fiedler to file reports with the Court regarding the status of the Foreclosure Action; he did not do so. *Id.*; *see generally* 6:23-cv-2092-CEM-RMN.

- *Fiedler et al. v. US Bank Tr. N.A.*, 6:25-cv-00735-CEM-RMN. Robert and Muriel Fiedler sought a declaration of homestead related to the foreclosure judgment rendered against them. 6:25-cv-00735-CEM-RMN, Compl., Doc. 1, at 2. The Court declined to exercise jurisdiction under the Declaratory Judgment Act and the case was dismissed. 6:25-cv-00735-CEM-RMN, July 3, 2025 Order, Doc. 27, at 4.

In this action, Plaintiffs bring claims against Defendants MTGLQ Investors L.P., US Bank Trust N.A., Willa Oaks Homeowners Association, Gennifer Bridges, Peter Lanning, and Ann Wilson. The claims include a RICO civil conspiracy claim (Count I), FDCPA/FCCPA claims (Counts II & III), and a claim for a violation of

Florida Statute 718.121 (Count V). (Doc. 1 at 11–17). Defendants were involved in the Foreclosure Action or a subsequent action to enforce the judgment in the Foreclosure Action. (*Id.* at 9–10). Defendants seek dismissal of the Complaint and request that the Court enter a *Martin-Trigona* injunction. The Court will consider the Objections to Magistrate Judge's Report and Recommendation regarding the Motions to Dismiss before turning to the Motion for *Martin-Trigona* Injunction.

## II.    OBJECTIONS TO REPORT AND RECOMMENDATION

### A.    Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B.    Analysis

#### 1.    *Plaintiffs' Objections*

Plaintiffs first object to the R&R's application of the *Rooker-Feldman* doctrine. By way of background, the Magistrate Judge determined that Counts I, II,

and IV were subject to the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine 'is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments.' The rule is not prudential but rather 'follows naturally from the jurisdictional boundaries that Congress has set for the federal courts. First, federal district courts are courts of original jurisdiction' which 'generally cannot hear appeals [a]nd second, only the Supreme Court can reverse or modify state court judgments.'" *Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024) (quotations omitted).

Plaintiffs argue that the *Rooker-Feldman* doctrine does not apply here because the state court did not have jurisdiction over Plaintiff Muriel Fielder. "Other circuits have recognized an exception to the [*Rooker-Feldman*] doctrine where the state court judgment is 'void *ab initio* due to the state court's lack of jurisdiction,' but our circuit has never adopted that exception." *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009); *Kasbekar v. Ivy Station Cmty. Ass'n Inc.*, No. 20-10620, 2022 U.S. App. LEXIS 32683, at *7 (11th Cir. Nov. 28, 2022) ("[The Eleventh Circuit] has not recognized an exception to the *Rooker-Feldman* doctrine for underlying state judgments that are void ab initio."). Thus, this Objection will be overruled.

In their Objections, Plaintiffs also claim that "[r]es [j]udicata does not apply as [the] FDCPA and RICO claims were not adjudicated in the foreclosure court." (Doc. 53 at 3). The R&R ruled in Plaintiffs favor on this point and recommended

that the Court deny the Motions to Dismiss to the extent Defendants requested dismissal on the basis of res judicata. (Doc. 52 at 11). Because Plaintiffs do not appear to disagree with the R&R's recommendation the Court need not conduct a *de novo* review of this portion of the R&R. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (explaining that "it is critical that the objection be sufficiently specific").

### 2.    *Defendants' Objections*

Defendants object to Plaintiffs being given leave to amend the Complaint. Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The district court, however, need not allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (quotation omitted). "[C]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). In pursuit of that, courts generally give pro se litigants at least one opportunity to amend their complaint. *Cornelius v. Bank of Am., NA*, 585 F. App'x

996, 1000 (11th Cir. 2014). However, even pro se litigants may be denied leave to amend when amendment would be futile. *Id.*

Defendants argue that amendment would be futile because "Plaintiffs cannot amend their claims against Defendants to avoid application of the *Rooker-Feldman* doctrine, the statutes of limitation, and the litigation privilege." (Doc. 54 at 3). The R&R states that "[i]t is possible for Plaintiffs to allege other facts to support their claims that are unrelated to the state foreclosure judgment and establish independent causes of action." (Doc. 52 at 19). Upon review of Plaintiffs claims, the Court disagrees. Moreover, for the reasons set forth below and those discussed in the section regarding the *Martin-Trigona* injunction, the Court concludes that Plaintiffs are litigating this case in bad faith.

The Foreclosure Action is the basis for this case, and for the multitude of similar cases Plaintiffs have filed. It is not plausible that Plaintiffs will suddenly be able to allege facts to support their claims that are unrelated to the Foreclosure Action because Plaintiffs have failed to do so in all the previous cases brought before this Court. And while this is Plaintiffs' first complaint in this action, Plaintiffs' similar actions have provided them with many opportunities to state a claim. This repeated failure to state a claim demonstrates the futility of giving Plaintiffs leave to amend. *See Emrit v. Universal Music Grp.*, No. 8:19-cv-2562-T-33SPF, 2020 U.S. Dist. LEXIS 147857, at *17–18 (M.D. Fla. Aug. 17, 2020) (dismissing a pro se

plaintiff's initial complaint without leave to amend where the plaintiff had a history of filing vexatious and harassing lawsuits and collecting cases in which vexatious litigants were denied leave to amend).

Additionally, Plaintiffs have shown a pattern of disregarding court orders. Plaintiffs have been instructed on the *Rooker-Feldman* doctrine, but persist in filling claims barred by the doctrine, even when specifically warned not to do so. *In re: Robert Edward Fiedler and Muriel Genene Fiedler*, 6:24-bk-3321-LVV, Doc. 122 at 4 ("Despite the warning . . . by the Court that it would not entertain arguments barred by the *Rooker-Feldman* doctrine, [Robert and Muriel Fielder] continued to file pleadings that challenge the validity of the Foreclosure Judgment."). In two instances where this Court stayed Plaintiffs' claims seeking monetary damages under *Younger*, Plaintiffs were ordered to file reports with the Court regarding the status of the underlying litigation but failed to do so. *See Fiedler et al. v. Stacy*, 6:23-cv-01958-CEM-RMN, Sept. 30, 2024 Order, Doc. 32 at 11; *Fiedler v. Wells Fargo Bank N.A.*, 6:23-cv-02092-CEM-RMN, Feb. 5, 2025 Order, Doc. 24 at 7. This indicates that given an opportunity to amend, Plaintiffs would fail to correct the numerous deficiencies in their complaint. *See Gates v. Cherri*, No. 2:24-cv-440-JLB-NPM, 2024 U.S. Dist. LEXIS 170683, at *11 (M.D. Fla. Aug. 9, 2024) (finding that amendment would be futile where a plaintiff did not attempt to follow the court's earlier directives).

### III.    *MARTIN-TRIGONA* INJUNCTION

The Eleventh Circuit has stated that "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. A plaintiff "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed from any access to the court." *Id.* An injunction subjecting a plaintiff's filings to a prescreening requirement is an appropriate method for defending the judicial system from abusive and vexatious litigation. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993); *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991).

As discussed, Plaintiffs proceed pro se here and traditionally, pro se litigants are afforded greater leeway than counseled parties. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, "pro se filings do not serve as an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quotations omitted).

Defendants filed a Motion for *Martin-Trigona* Injunction that summarized Plaintiffs' filings related to the Foreclosure Action and argued that Plaintiffs filings are vexatious, harassing, and frivolous. (Doc. 19 at 1–11, 18). Plaintiffs' filing in opposition is nonresponsive. Plaintiffs claim that they "have the right to appeal the trial court's decision"—indicating that they believe that they have a right to appeal the state court's decision to this court—but as Plaintiffs have been informed, this is incorrect. (Doc. 30 at 2–4); *see* 6:23-cv-02083-CEM-RMN, Nov. 14, 2023 Report and Recommendation, Doc. 8, at 11–13 (explaining the *Rooker-Feldman* doctrine). Additionally, Plaintiffs restate their substantive arguments and allege, without legal support, that Defendants have not met their burden to obtain an injunction. (Doc. 30 at 2–4). This filing highlights Plaintiffs' persistence in asserting vexatious claims and making unsupported legal arguments.

Plaintiffs have filed eight actions in this Court related to the Foreclosure Action, and Plaintiffs have ignored court orders in at least two of these cases. These baseless filings have required this Court to divert its attention away from legitimate cases involving litigants who have complied with the relevant rules and procedures and who wish to have their cases decided in a timely fashion. At a time when this Court must manage heavy dockets with scarce judicial resources, this type of vexatious litigation is severely injurious to the judicial system. A *Martin-Trigona* injunction will be entered.

## IV.  CONCLUSION

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted as modified herein. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' Objections (Doc. 53) are **OVERRULED**.

2. Defendants' Objections (Doc. 54) are **SUSTAINED**.

3. The Report and Recommendation (Doc. 52) is **ADOPTED as modified herein** and made a part of this Order.

4. The Motions to Dismiss (Doc. Nos. 18, 31, & 40) are **GRANTED in part** and **DENIED in part.**

   a. Plaintiffs' Complaint (Doc. 1) is **DISSMISSED without leave to amend**.

   b. The Motions are otherwise **DENIED**.

5. Defendants' Motion for *Martin-Trigona* Injunction (Doc. 19) is **GRANTED**.

6. Any future filing by Plaintiffs in the Middle District of Florida shall be specially handled in the following manner. The Clerk is directed to open a miscellaneous docket under Plaintiffs' names, which is to be assigned to the same Magistrate Judge assigned to this case. Upon receipt by the Clerk's office, each filing received from Plaintiffs shall

be docketed on that miscellaneous docket. Once docketed, the Magistrate Judge will determine whether the filing has arguable merit; that is, a material basis in law and fact. If the filing is arguably meritorious, the Magistrate Judge will direct the Clerk to file the document for a normal assignment. In the event the Magistrate Judge's preliminary review results in a finding that Plaintiffs' filing is frivolous, that determination shall be noted on the miscellaneous docket, and the document will not be otherwise filed with the Court but instead will be returned to Plaintiffs. Upon such a finding, Plaintiffs may be subject to further sanction, including monetary assessment.

7. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties